UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADRIANE BEVEL.

    Plaintiff,

vs.

CASE NO.: 3:13-CV-186-J-12MCR

PROFESSIONAL BUREAU OF COLLECTIONS, INC..
JOHN DOES 1-10 and JANE DOES 1-10

    Defendant(s)

FILED
2-19-2013
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ADRIANE BEVEL, (hereinafter 'Plaintiff'), by and through the undersigned attorney, Katie M. Stone, and for Plaintiff's Complaint against Defendant(s) PROFESSIONAL BUREAU OF COLLECTIONS, INC.., Defendant(s), John Does 1-10; and Defendant(s) , Jane Does 1-10 (hereinafter "Defendant(s)"), and alleged and affirmatively states as follows:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant(s), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), violation of the right to privacy under the FDCPA, and for violation of the Florida Fair Debt Collection Practices Act 559.55 (hereinafter "FFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and their agents in illegal efforts to collect a consumer debt from Plaintiff.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.  Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

VERIFIED COMPLAINT

### III.  PARTIES

3. Plaintiff is a consumer, a natural person with a permanent residence in Duval County, Jacksonville in the state of Florida.

4. Defendant, PROFESSIONAL BUREAU OF COLLECTIONS, INC., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 5295 DTC Parkway, Englewood, Arapahoe County, Colorado, 80111. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant(s) John Does 1-10 (hereinafter "Defendant(s)") are natural person(s) who were employed by Defendant(s) as collection agents, whose identities are currently unknown to Plaintiff. Defendant(s) are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Defendant(s) Jane Does 1-10 (hereinafter "Defendant(s)") are natural person(s) who was employed by Defendant(s) as collection agents, whose identities are currently unknown to Plaintiff. Defendant(s) are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant(s) is engaged in the collection of debts from consumers using the mail and telephone. Defendant(s) regularly attempt to collect consumer debts alleged to be due to another. Defendant(s) are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

8. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff, displaying the intent to harass and annoy her, seeking and demanding payment for an alleged consumer debt owed under an account number.

9. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

10. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to July 31, 2012.

11. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by calling her several times a day.

12. Upon information and belief, within one year prior to the filing of this complaint, Defendant demanded immediate payment from Plaintiff without stating that she could seek to dispute and/or receive validation for the alleged debt, overshadowing her statutory right to do so.

13. Upon information and belief, within one year prior to the filing of this complaint, Defendant did not mail Plaintiff proper statutory written notice within the first seven (7) and possible extra five (5) days from its initial communication with Plaintiff.

14. On July 30, 2012, Defendant called Plaintiff at her place of employment. Plaintiff advised Defendant that they were not to call her at her place of employment as she was not allowed to accept personal/collection calls at her place of employment.

15. Even after being told to stop as stated in line 14, on July 31, 2012, Defendant continued to call Plaintiff at work placing Plaintiff's job in jeopardy.

16. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

17. During one or more collection call, Defendant spoke to Plaintiff in a very rude, demanding, upset and inappropriate tone level. The natural consequences of this behavior was to produce an unpleasant/and or hostile situation between Defendant and Plaintiff.

18. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional and mental distress suffered by the Plaintiff.

### V. CAUSES OF ACTION

#### CLAIM AGAINST DEFENDANT UNDER FDCPA

19. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

20. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to send written notification to Plaintiff that is received within five days of the

   initial communication, with said notification including the amount of the alleged debt that the Defendant was attempting to collect; and

  (c) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

  (d) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

  (e) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

  (f) Defendant violated *§1692d(2)* of the FDCPA by yelling and using threatening, hostile and obscene language or language the natural consequence of which is to abuse the hearer;

21. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, ADRIANE BEVEL, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### ***CLAIM AGAINST DEFENDANT UNDER FDCPA RIGHT TO PRIVACY***

23. Plaintiff repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

25. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative

<u>and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

26. Defendant(s) and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

27. Defendant(s) also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully contacting Plaintiff at her place of employment; thereby invading Plaintiff's right to privacy.

28. Defendant(s) and their agents intentionally and/or negligently caused emotional harm to Plaintiff by continuing to harass her in an effort to force her to pay on this alleged debt, thereby invading and intruding upon Plaintiff's right to privacy.

29. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

30. The conduct of these Defendant(s) and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these defendant(s) which occurred in a way that would be highly offensive to a reasonable person in that position.

31. As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

### *CLAIM AGAINST DEFENDANT UNDER FFDCPA*

32. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

33. Defendants violated the Florida Fair Debt Collection Practices Act 559.55 (hereinafter "FFDCPA"). Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *559.72(7)* of the FFDCPA by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor.

34. As a result of the foregoing violations of the FFDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney fees.

## VI. REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request that judgment be entered against each Defendant(s) for the following:

A. Actual damages
B  Statutory damages
C. Costs and reasonable attorney fees
D. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

By: _____
Katie M. Stone
Fla Bar No.: 74194
Consumer Rights Law Firm
5401 S. Kirkman Rd., Suite 310
Orlando, FL 32819
Phone: (978) 420-4747 or (407) 217-5807
Fax: (888) 712-4458
attorneykaties@consumerlawfirmcenter.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE, that Plaintiff, ADRIANE BEVEL., hereby demands trial by jury in this action.

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, ADRIANE BEVEL, says as follows:

1. I am the Plaintiff in this civil proceeding

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this complaint in good faith and solely for the purposes set forth in it

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1764(2), I, ADRIANE BEVEL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 12-31-2012

_____
ADRIANE BEVEL
Plaintiff