## SETTLEMENT AGREEMENT
## AND RELEASE

**WHEREAS**, there is now pending a potential suit in the United States District Court for the Western District of Michigan, Southern Division, an action captioned **Adriane Bevel vs. Professional Bureau of Collections, Inc.** [sic][1], case number 3:13-cv-186-J-12 MCR in which Plaintiff alleges that Professional Bureau of Collections of Maryland, Inc., is liable for, among other things, violations of the federal Fair Debt Collection Practices Act (the "Lawsuit");

**WHEREAS**, it is the desire of the Parties to resolve all disputes, asserted or unasserted, arising out of, or in any way related to any acts, failures to act, omissions, misrepresentations, facts, events, transactions, occurrences or other matters set forth, alleged, embraced by, or otherwise referred to at any time in the Lawsuit;

**NOW THEREFORE**, in consideration of the Recitals and mutual promises contained herein, and for other good and valuable consideration, the Parties agree as follows:

**TERMS OF AGREEMENT**

1.  In consideration of and in exchange for the full and complete settlement, compromise and release as well as the other matters set forth herein, Plaintiff accepts the sum of ███████████████████████████████████████████████████████████████ with the ███████████ being due ten days after the date of this release, the second thirty (30) days after the date of the ███████████████████████████████████████████████████████████████ ███████ ██████████████████████████████████████████████████████████. Payment shall be made payable to The Consumer Rights Law Firm, PLLC AS ATTORNEY FOR ADRIANE BEVEL, for all damages, attorneys' fees and costs. Plaintiff shall, within ten (10) business days of the receipt of the first installment, cause the case to be dismissed with prejudice and with no further action to be taken by Defendant.

---

[1] Note Defendants legal name is Professional Bureau of Collections of Maryland, Inc.

1

2.  The terms and existence of this Agreement are only of interest to the Parties hereto and shall be kept strictly confidential. Except as may be required under compulsion of law, the Parties agree that they shall keep the terms, amount, and the existence of this Agreement strictly confidential and promise that neither they nor their representatives will disclose, either directly or indirectly, any information concerning this Agreement (or the fact of settlement) to any other person or entity. It is understood and agreed, however, that the Parties may disclose the terms of this Settlement Agreement to their attorneys, accountants or tax preparers or to other persons or entities as required by a court order or subpoena. The confidentiality provisions of this Agreement shall apply to the Parties as well as their attorneys.

3.  Except for the rights and obligations created by this Agreement, Plaintiff for herself, her heirs, executors, administrators, and successors and assigns, hereby releases and forever discharges Professional Bureau of Collections of Maryland, Inc., its agents, servants, officers, directors, employees, shareholders, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, known or unknown, now existing which are based directly or indirectly upon facts, events, transactions or occurrences related to, alleged, embraced by or otherwise referred to at any time in the Lawsuit. Plaintiff hereby intends to release all unknown and unanticipated injuries and damages against Defendant. Nothing in this Agreement, either express or implied shall be construed as a waiver and/or release of any claims accruing subsequent to the date of execution of this Agreement by **Adriane Bevel**.

4.  The Parties hereto further agree that this Agreement has been fully read and understood by them, and that each of them has received independent legal advice from her or its respective attorney(s) as to the effect and import of its provisions. The Parties further agree that this Agreement is being entered into for the express purpose and intention of making and entering into a full and final compromise, adjustment and settlement of all claims which were or could have been asserted in the Lawsuit, whether or not referred to therein.

5.  The Parties agree that this Agreement constitutes a good faith settlement of the Lawsuit and acknowledge that it is entered into freely and voluntarily. This Agreement constitutes the sole and entire agreement between Plaintiff and Defendant, and supersedes all

prior agreements, negotiations, and discussions between the Parties, with respect to the subject matter covered hereby. This Agreement may be executed in counterparts.

6. Except as may specifically be provided in this Agreement to the contrary, the terms and conditions contained in this Agreement shall inure to the benefit of, and be binding upon, the respective employees, directors, officers, partners, shareholders, agents, board members, heirs, parents, subsidiaries, related companies, predecessors, legal representatives, successors, assigns, personal representatives, and affiliates of the parties. Except as otherwise expressly provided herein, this Agreement is not assignable by any party without the prior written consent of the other party, and no payment to be made hereunder shall be subject to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or other charge.

7. The parties represent and warrant that they have not assigned or transferred, nor purported to assign or transfer, to any person or any entity any claims, debts, liabilities, demands, obligations, damages, losses, causes of action, costs, expenses, and attorneys' fees subject to this Agreement.

8. Nothing in this Agreement, including the fact that it was entered into by the parties, shall constitute or otherwise be construed or interpreted as an admission on behalf of any of the parties as to the validity of any of the alleged claims, defenses or allegations made, nor shall this Agreement be admissible in any proceeding, court, administrative agency or tribunal for any party, with the sole exception of a proceeding to enforce or interpret the terms of this Agreement.

9. No modification or amendment of this Agreement shall be valid unless in writing and signed by the parties hereto.

10. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall be deemed one and the same instrument, and all signatures need not appear on any one counterpart. If executed in counterparts, this Agreement will be as effective as if simultaneously executed. Signatures on this Agreement may be communicated by electronic transmission or facsimile transmission and shall be binding upon the parties transmitting the same by either electronic or facsimile transmission. Counterparts

with original signatures shall be provided to the other party within fifteen (15) days of the applicable electronic or facsimile transmission, provided, however, that the failure to provide the original counterpart shall have no effect on the validity or the binding nature of the Agreement.

11. In the event that any portion of this Agreement is held to be unenforceable, the unenforceable portion of the Agreement will be deleted and the rest of the Agreement will remain in full force and effect.

12. The parties hereto agree to execute such other instruments, documents or agreements as may be reasonable, necessary or desirable for the implementation of this Agreement and the consummation of the transactions contemplated herein.

13. The waiver by either party of a breach or violation of any provision of this Agreement shall not operate as or be construed to constitute a waiver of any subsequent breach of the same or another provision.

14. This Agreement shall be construed and interpreted in accordance with and governed by the laws of the State of Colorado. The parties hereto hereby expressly agree that any action to interpret, construe, or enforce this Agreement shall be brought in the District Court of City and County of Denver, Colorado, and the parties hereto hereby expressly waive any objections or defenses to such action based upon improper venue or lack of personal jurisdiction.

IN WITNESS WHEREOF, this Agreement is executed as of the date and year as indicated below.

_____
**Adriane Bevel**
Date: April 4, 2013

Representative of Professional Bureau of Collections of Maryland, Inc.

_____
Printed Name: Robyn Ross
Date: 4/29/13

4